PRACTICE.

WILLIAM U. ANDERSON, THOMAS GLASCOCK, and ELI H. BAXTER, for the use of ELI H. BAXTER, *vs.* EPHRAIM KNIGHT.

*Case, &c. on Appeal, and Verdict for Plaintiff—Motion in Arrest of Judgment.*

If one of several joint plaintiffs die, pendent lite; the suit will proceed in the name of the survivors, whether they appear to be partners, or not.

This action was predicated on two promissory notes, made by the defendant, and payable to William U. Anderson, Thomas Glascock, and Eli H. Baxter, or order. Pending said suit, and before final trial, Glascock, one of the payees, died, and his death was suggested on the record. The cause was permitted to proceed, in the name of the survivors, and a verdict was found for the plaintiffs. Defendant's counsel then made a motion in arrest of judgment, upon the following ground :—" Because the note, which was the foundation of the action, " was made payable to all the plaintiffs, by name, and they are not aver- " red to be partners, and Glascock being dead, and unrepresented, " the Court erred in permitting the case to proceed."

It was conceded, at the trial, that if the payees of the notes, who are the nominal plaintiffs, had been co-partners; or if the fact had been averred in the declaration that they were co-partners, in this particular transaction; the action could have proceeded, properly, in the names of the survivors. But it was contended, that as there was no aver- ment of this fact, the fair presumption was, that they were not co-partners; and not being co-partners, when Glascock died, he having an interest in said note; the suit abated, as to his interest, and could not proceed, until his representatives were made parties. Let us, then, examine this question. In *Chit. Pl.* 9, I find this authority : " When the contract was made with several persons, whether it were " under seal, or in writing but not under seal, or by parol, if their " legal interest were joint; they must all, if living, join in an " action, in form ex contractu, for the breach of it, though the con-

"tract with them was, in terms, joint and several." Then it was necessary for all these parties to be made plaintiffs to the action, as they were all living, at the time the suit was commenced. But if either of them had died, before the commencement of the action, the right of action would then have vested in the survivors, and not in the survivors and representatives of the deceased. In 1 *Chity's Pl.* 25, I find this authority: "When one or more of several obligees, "covenantees, partners, or others, having a joint legal interest in the "contract, dies; the action must be brought in the name of the sur- "vivor, and the executor or administrator of the deceased must nor "be joined." Then it is clear, from this authority, that, if Glascock had died, before the action was commenced, the right of action would have survived, to the other payees, Anderson and Baxter. This being the case, we will next enquire, what effect was produced on said suit, by the death of Glascock, pending the action- In 1 *Chit. Pl.* 482, this doctrine is laid down: "When a sole plaintiff dies, pending "the suit, such death may be pleaded in abatement: but in the case "of several plaintiffs, or defendants, the death of one does not abate "the suit, if the cause of action survive to, or against the survivors."

In 2 *Sellon's Practice*, 191, I find this authority: "Now, in all "cases of joint actions, if one of the plaintiffs, or defendants, die, "pending the action; the suit shall not abate, but the suggestion "may be entered on the roll, of such death, and the proceedings "may be continued, without any sci. fa. in the name or names of the "survivors." And this practice is in accordance with the provisions of *Stat.* 8 and 9 *Wm.* 3rd, *Chap.* 11, *Sec.* 7th. *Schley's D.* 290.

I am, therefore, of opinion, that the Court did not err, in permitting said cause to proceed, in the names of the survivors, without making the administrator of the deceased plaintiff, a party. The motion, to arrest the judgment, is, therefore, overruled, and the verdict and judgment, rendered in said case, affirmed.